McLaughlin v. First National Bank of Pana.

---

## Daniel M. McLaughlin et al., for Use, etc., v. First National Bank of Pana.

1. BANKS AND BANKING—*Effect of Failure by Customer to Question Correctness of Pass Book.*—Where a pass book furnished by a bank to a customer is balanced, and the checks and book returned and no question is raised as to the correctness of the entries in such book, the silence of the customer in this regard amounts to an admission of their correctness, and so stands until overcome by evidence.

2. FINDING BY THE COURT—*On Conflicting Evidence.*—This court holds that the finding of the court below in this case is sustained by the evidence and free from passion and prejudice, and that under the well-settled rule it is conclusive on this court.

Assumpsit, for a bank balance. Appeal from the Circuit Court of Christian County; the HON. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

J. C. McQUIGG and J. B. RICKS, attorneys for appellants.

J. C. McBRIDE, attorney for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

The appellee was a corporation organized and doing business under the National Banking Laws at Pana, Illinois The appellants were engaged in the mercantile business in several towns in the vicinity of Pana, and kept an account with appellee and with one H. M. Schuyler, of Pana. They did business with appellee from the year 1891, to and including the year 1894. The transactions of each year amounted to several thousands of dollars.

The appellants brought suit against the appellee in the Circuit Court of Christian County, claiming it was indebted to them in the sum of $3,700, which sum was made up of items of sums of money deposited by them and not placed to their credit, double charges of interest, etc.

A jury was waived, and the case tried by the court. The finding of the court was for the appellee, and the case was appealed to this court by appellants.

It appears from the evidence that appellants had a pass book, furnished by the bank, which was frequently returned by them to the bank, and by it balanced, and the checks with the pass book returned to appellants. No question was raised by them as to the correctness of the entries of the debits and credits in this pass book. Their silence in this regard amounts to an admission of their correctness, and it so stands until overcome by the evidence.

There was a contention in the court below as to whether a certain deposit ticket had not been raised from $99.74 to $199.74, also as to whether a spurious stamp had not been used. This stamp was introduced in evidence and

measured in the presence of the trial judge to test its genuineness.   The original deposit tickets, the postal cards, the books kept by the parties, the checks and all the exhibits, were introduced in evidence, and the witnesses testified in open court.   The trial judge below had a better opportunity to determine with whom the merits of this controversy rests than can be gleaned from the record filed in this case by this court.

It is a well settled rule in this State, when the evidence is conflicting, the verdict of the jury on the finding of the trial court is conclusive on all questions of fact, if not manifestly against the weight of the evidence, or the result of passion or prejudice.

We hold that the finding of the court below is sustained by the weight of the evidence and free from passion and prejudice.   We therefore affirm the judgment of the court below.